

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOLANDA WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | 3:05-CV-668-P |
| CINTAS CORPORATION and, | § | |
| XPECT FIRST AID CORPORATION, | § | |
| A Division of Cintas Corporation, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and, In the Alternative, Motion to Enforce Arbitration Award (the "Motion"), filed May 9, 2005. Plaintiff Yolanda Williams, proceeding *pro se*, filed her Response on June 13, 2005. Defendants filed their Reply on June 28, 2005, and Plaintiff filed a Sur-reply on July 8, 2005. For the reasons set forth below, the Court GRANTS Defendants' Motion and ENFORCES the January 24, 2005, arbitration award.

**I.     Background and Procedural History**

Yolanda Williams ("Plaintiff"), an African-American woman, was employed by Cintas Corporation and Xpect First Aid Corporation, a division of Cintas corporation (collectively "Defendants"), as an Accounts Receivable Representative from July 2000 until July 31, 2002. (Pl.'s Orig. Compl. at 2.) During most of her employment, Plaintiff worked directly for Jana Butcher ("Butcher"). (Pl.'s Orig. Compl. at 2.)

On November 27, 2000, Plaintiff and Defendants entered into an employment contract, which contained an agreement to submit certain disputes to arbitration. (Pl.'s Orig. Resp. to

Defs.' Mot. Dismiss ("Pl.'s Resp.") App. Ex. B.) It provides in relevant part that impartial arbitration shall be the "exclusive, final and binding method of resolving" any claims or disputes falling within its scope. (Pl.'s Resp. App. Ex. B at 4.) The agreement further prohibits the employee from filing any suit or counterclaim in court against the employer unless the suit is to maintain the status quo pending arbitration or to enforce the arbitration clause or an arbitration award. (Pl.'s Resp. App. Ex. B at 4.) The parties agreed that the law governing the agreement is both the Federal Arbitration Act, as well as the law of the state of the individual's employment – in this case, Texas. (Pl.'s Resp. App. Ex. B at 3.)

Plaintiff claims that some time around December 20, 2001, Butcher began taking actions to create a discriminatory and hostile work environment for Plaintiff. (Pl.'s Orig. Compl. at 2.) She further claims that on several occasions she brought the situation to the management's attention, including General Manager Maxine Russell and her successor Jim Davis ("Davis"). (Pl.'s Orig. Compl. at 2.) According to Plaintiff, the management failed to correct the situation and even retaliated against her due to her complaints. (Pl.'s Orig. Compl. at 2.) On July 31, 2002, Plaintiff resigned because she felt the work environment had become intolerably hostile. (Pl.'s Orig. Compl. at 3.)

Plaintiff brought suit against Defendants on March 3, 2003, in Judge Sam A. Lindsay's court in the United States District Court for the Northern District of Texas. (Case No. 303-00444-L June 30, 2003 Order ("Order 1") at 3 (Defs.' Mem. Supp. Mot. Dismiss App. Ex. B at 3).) In that suit, Plaintiff did retain counsel, and she brought claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §

2000e *et seq.*, and 42 U.S.C. § 1981. (Order 1 at 3.) On Defendants' motion, however, the court dismissed Plaintiff's complaint and compelled arbitration because it found that a valid arbitration agreement existed between the parties, and Plaintiff's claims fell within its scope. (Order 1 at 4-5.)

The American Arbitration Association ("AAA") selected an arbitrator, to which neither party objected. (Pl.'s Resp. at 2.) Plaintiff's counsel withdrew some time later, and Plaintiff proceeded *pro se*. (Pl.'s Resp. at 2.) The arbitration hearing was held on January 11, 2005, and on January 24, 2005, the arbitrator issued a binding arbitration award in Defendants' favor. (Pl.'s Resp. at 2; Defs.' Mem. Supp. Mot. Dismiss ("Defs.' Mem.") App. Ex. C.) He found that the testimony and evidence presented by the parties did not support a claim of intentional or any other type of discrimination or retaliation against Plaintiff. (Defs.' Mem. App. Ex. C.) Adhering to the limitations in the arbitration agreement, he directed Plaintiff to pay two days' pay ($208) to Defendants. (Defs.' Mem. App. Ex. C at 4-5.) Defendants were required to pay any of their own remaining fees and costs. (Defs.' Mem. App. Ex. C at 5.) On February 15, 2005, Plaintiff applied to the AAA for the arbitration award to be vacated or modified, claiming that evident partiality by the arbitrator existed. (Pl.'s Resp. App. Ex. C, F.) Her request was denied pursuant to Rule 35 of the AAA National Rules for the Resolution of Employment Disputes, under which an arbitrator is not authorized to redetermine the merits of a claim that has already been decided. (Pl.'s Resp. App. Ex. F.)

Plaintiff subsequently brought the current action, filing her Original Complaint on April 6, 2005. (Pl.'s Resp. at 3.) She seeks redress for the same alleged discriminatory and retaliatory

actions taken against her by Defendants. (Pl.'s Orig. Compl. at 3.) In addition, Plaintiff claims that the arbitrator showed evident partiality in conducting the hearing and rendering the arbitration award. (Pl.'s Resp. App. Ex. C.) She specifically claims that the arbitrator unfairly refused to listen to Exhibit C of her evidence – a recorded tape of a hearing conducted by the Texas Workforce Commission on October 14, 2002, in which Plaintiff, Butcher, and Davis testified under oath. (Pl.'s Resp. App. Ex. C at 4.) However, Plaintiff acknowledges the Defendants provided the arbitrator with a transcribed copy of the recording because they claimed the tape had been tampered with. (Pl.'s Sur-reply at 4.) According to Plaintiff, she never verified the transcript's authenticity. (Pl.'s Sur-reply at 4.) Additionally, Plaintiff states that the arbitrator "referred to one statement of the transcribed copy provided to him by the Defendants[,]" but did not refer to the rest of the lengthy transcript. (Pl.'s Sur-reply at 4.) To further support her allegation of evident partiality, Plaintiff claims that Davis and Butcher gave false testimony on which the arbitrator wrongly relied. (Pl.'s Resp. App. Ex. C.)

## II.   Plaintiff's Pleadings

The Court evaluates Plaintiff's Original Complaint and other filings liberally in light of the fact that Plaintiff is a *pro se* litigant and therefore should not be held to the same standards of pleading as an attorney. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that allegations in a *pro se* complaint are to be held to a less stringent standard); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing that courts "must construe [a *pro se* plaintiff's] allegations and briefs more permissively"). The Court determines that Plaintiff's allegations

assert violations of Title VII and 42 U.S.C. § 1981 based on claims of race discrimination and retaliation, and Plaintiff also asks the Court to vacate the arbitration award in order to determine these civil rights claims by jury trial.

Furthermore, although Plaintiff filed a sur-reply, which is typically disallowed, the Court nevertheless considers her concerns because she is a *pro se* non-movant in this matter. The purpose for having a motion, response, and reply is to give the movant the final opportunity to be heard, and "to *rebut* the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Pennsylvania Gen. Ins. Co. v. Story*, No. Civ. A. 3:03CV0330-G, 2003 WL 21435511, at *1 (N.D. Tex. June 10, 2003) (emphasis added). A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage. In this case, Plaintiff is not challenging any newly-presented legal theories raised by Defendants in their Reply. Plaintiff simply wants an opportunity to continue the argument, but the Court nevertheless takes her sur-reply into consideration. The Court now addresses Defendants' Motion.

### III.   Rule 12(b)(6) Standard

Rule 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim is viewed with disfavor and should rarely be granted. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Such a motion should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of her

claims that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). In determining whether dismissal should be granted, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Capital Parks, Inc. v. Southeastern Adver. and Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). However, the Court should not accept as true mere conclusory allegations or unwarranted deductions of fact. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). The Court limits its inquiry to whether the plaintiff is entitled to offer evidence to support claims and does not address whether the plaintiff will ultimately prevail on the merits. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Dismissal is proper when "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

## IV.  Plaintiff's Motion to Vacate the Arbitration Award

The parties in this case instead agreed that both Texas law, as well as the Federal Arbitration Act ("FAA"), located in 9 U.S.C. § 1 *et seq.*, will govern the employment agreement. The Fifth Circuit has held that the Texas General Arbitration Act ("TGAA"), found in Tex. Civ. Prac. Rem. Code. Ann. § 171.001 *et seq.*, does not undermine the policies and goals underlying the FAA. *ASW Allstate Painting & Construction Co. v. Lexington Ins. Co.*, 188 F.3d 307, 310 (5th Cir. 1999). Thus, in light of the choice of law provision in the employment agreement, the Court refers to authority on both the FAA and the TGAA when considering Plaintiff's motion to

vacate the arbitration award.

Federal law and Texas law both strongly favor arbitration, and therefore a court may only vacate an arbitration award under very limited circumstances. *See Prestige Ford v. Ford Dealer Computer Servs., Inc.*, 324 F.3d 391, 394 (5th Cir. 2003); *see also CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238-39 (Tex. 2002). Generally, a court must have a sound statutory basis for vacating an arbitration award. *Presitge Ford*, 324 F.3d at 394; *Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 429-30 (Tex. App.–Dallas 2004, pet. denied). The FAA allows a court discretion to set aside an award if, among other specified reasons, "there was evident partiality or corruption in the arbitrators." 9 U.S.C. § 10(a)(2) (1999). Similarly, the TGAA requires a court to vacate an award if it finds that "evident partiality by an arbitrator appointed as a neutral arbitrator" prejudiced the rights of a party. Tex. Civ. Prac. Rem. Code Ann. § 171.088(a)(2)(A) (Vernon 2005). Because courts give great deference to arbitrators' decisions, they demand a high standard of arbitrator impartiality. *Positive Software Solutions, Inc. v. New Century Mortgage Corp.*, 337 F. Supp. 2d 862, 880 (N.D. Tex. 2004) (citing *Commonwealth Coatings Corp. v. Continental Cas. Co.*, 393 U.S. 145, 147 (1968)). Therefore, arbitrators are required to disclose to the parties any dealings that might create an impression or presumption of bias. *Commonwealth Coatings Corp. v. Continental Cas. Co.*, 393 U.S. 145, 147, 149 (1968). In the situation where the parties or their representatives choose a prospective impartial arbitrator, the arbitrator exhibits evident partiality if he fails to disclose to the parties information that, to an objective observer, would create a reasonable impression of partiality. *Burlington N.R.R. Co. v. TUCO, Inc.*, 960 S.W.2d 629, 636 (Tex. 1997) (citing *Commonwealth Coatings*, 393 U.S. at 147). The presumption of

evident partiality results from the nondisclosure itself, regardless of whether the information actually establishes bias or partiality. *Id.*

Aside from the statutory grounds for vacating an arbitration award, a court may set aside an award only under extraordinary circumstances, such as when the award clearly violates fundamental public policy, or the arbitrator chooses to ignore a clearly governing rule of law. *Prestige Ford*, 324 F.3d at 395-96; *CVN Group*, 95 S.W.3d at 239. A court may not, however, vacate an arbitration award due to legal or factual error, and it is likewise prohibited from vacating an award simply because it would have arrived at a different conclusion than the arbitrator. *Brooks v. Cintas Corp.*, 91 Fed. Appx. 917, 919 (5th Cir. 2004) (citing *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 23, 38 (1987)); *Crossmark*, 124 S.W.3d at 429. Moreover, Texas and federal courts recognize that the arbitration process is a beneficial, informal, and speedy alternative to litigation, which helps resolve disputes without many of the procedural and evidentiary constraints of formal trials. *Prestige Ford*, 324 F.3d at 394; *CVN Group*, 95 S.W.3d at 238. Thus, it is expected that arbitrators will expedite and simplify the proceedings, and as long as each party is afforded an adequate opportunity to present its evidence and arguments, courts generally must defer to the arbitrators' determination. *Prestige Ford*, 324 F.3d at 394. Arbitrators are not required to hear all the evidence presented by the parties, and a court may not review an arbitrator's decision not to credit a piece of evidence. *See id.* at 395; *Cintas Corp.*, 91 Fed. Appx. at 919.

In this case, as Judge Lindsay has previously determined, Plaintiff's Title VII and section 1981 claims fall within the scope of a valid arbitration agreement. Because the agreement

provides that impartial arbitration is the binding and final resolution of those claims, and because an arbitration award has been rendered, the Court must first determine if Plaintiff's pleadings allege any facts that would indicate the Court would be warranted in vacating or modifying the arbitration award. The Court finds that they do not. Plaintiff seeks vacatur of the award due to evident partiality exhibited by the arbitrator, but the Court has searched the record and Plaintiff does not plead any facts indicating that the arbitrator failed to disclose information to the parties that would create an impression of partiality. Plaintiff instead claims that the arbitrator exhibited partiality against her in his decisions whether or not to hear specific evidence, and his reliance on alleged false testimony by Davis and Butcher. However, the Court is not allowed to review the arbitrator's rulings on the weight and credibility of evidence. Thus, the facts Plaintiff has alleged in support of her motion to vacate the arbitration award do not meet the requirements of Rule 12(b)(6).

Therefore, because the Court may not vacate the arbitration award, which is otherwise binding and final pursuant to the employment agreement, it may not reconsider Plaintiff's discrimination and retaliation claims. Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's complaint and ENFORCES the arbitration award.

**It is so ordered.**

Signed this 15th day of July 2005.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE